# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00637-CR

**Jeffrey Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 202-1121, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a bench trial, appellant Jeffrey Moore was convicted of assault with bodily injury and family violence. *See* Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2) (West 2003). In this appeal, appellant argues that the evidence is factually insufficient to support the judgment. We will affirm.

## BACKGROUND

On March 27, 2002, Barbara Wright called emergency services to report that appellant, with whom she had been living for several months, had assaulted her. According to Wright, appellant had struck her once in the face and she was afraid appellant was going to hit her

again. Austin Police Officer Randy Dear arrived at the apartment shortly after Wright's call and identified appellant as the man attempting to leave the scene. Dear handcuffed him and placed him in the patrol car. Appellant told Dear that another man had come to the apartment and that Wright "went crazy," striking appellant several times. Appellant maintained that he had pushed Wright away and may have scratched her in an attempt to defend himself. Dear noticed that appellant had no visible injuries. In interviewing Wright about the complaint, Dear noticed that she was visibly injured. On Dear's application, the county court at law issued an emergency protective order that appellant stay away from Wright. *See* Tex. Fam. Code Ann. § 83.001 (West 2002).

A few days later, appellant called Wright and asked her to drop the charges. In response, Wright signed an affidavit in the presence of appellant's counsel saying that appellant had not assaulted her. The State, however, continued to prosecute the alleged offense. At trial, Wright recanted, stating that the affidavit was not true and that she had been afraid of appellant at the time she signed it.

The trial court found appellant guilty of assault with bodily injury and family violence. *See* Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2). Because appellant's indictment alleged four prior convictions for assault with bodily injury and family violence, this offense was a third-degree felony. *Id.* § 22.01(b)(2). The trial court sentenced appellant to five years' imprisonment. In this appeal, appellant disputes the factual sufficiency of the evidence. According to appellant, because Wright is not a credible witness, the trial court should have disregarded her testimony. Appellant contends that without Wright's testimony, the remaining circumstantial evidence is

2

insufficient to support the trial court's conclusion that appellant caused bodily injury to Wright or that his actions were intentional.

## DISCUSSION

A person commits assault with bodily injury if he intentionally, knowingly, or recklessly causes bodily injury to another. *Id.* § 22.01(a)(1). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West 2003). An offense under section 22.01(a)(1) is a third-degree felony when committed against a member of the defendant's family or household if the defendant has previously been convicted of an offense against a member of his family or household under section 22.01. *Id.* § 22.01(b)(2). Appellant argues that the evidence was factually insufficient to support the trial court's finding that he struck or scratched Wright or acted with criminal intent.

In a factual sufficiency review, we view the evidence in a neutral light favoring neither party to determine if the evidence of guilt is so weak as to render the verdict clearly wrong or manifestly unjust, or if the finding of a vital fact is so contrary to the weight and preponderance of the evidence as to be clearly wrong. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Zuliani v. State*, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003); *Goodman v. State*, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001). We do not realign, disregard, or re-weigh the evidence. *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.—Austin 1997, no pet.). The trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App.

3

2001). A decision is not manifestly unjust simply because the trier of fact resolves conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). A trial court's findings of fact entered after a bench trial have the same force and dignity as a jury's verdict. *In re B.M.*, 1 S.W.3d 204, 206 (Tex. App.—Tyler 1999, no pet.).

Appellant argues that Wright is not a credible witness because she signed a sworn affidavit contradicting her testimony at trial and admitted at trial that she had "deliberately lied" to appellant's counsel. Appellant introduced evidence that Wright had visited appellant in jail on numerous occasions and had confronted appellant about the name of another woman on his visitation list. Appellant argues that, because Wright's testimony contradicts her sworn affidavit and because Wright continued to maintain a relationship with appellant after the alleged assault, her testimony is not credible. Appellant further contends that because Wright's testimony should have been disregarded, the remaining circumstantial evidence is factually insufficient to support the finding that appellant acted with intent or caused harm to Wright.

Wright's credibility was an issue for the fact finder, which had the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia*, 57 S.W.3d at 441. The trier of fact is the sole judge of weight and credibility of testimony. *Wilkerson v. State*, 881 S.W.2d 321, 324 (Tex. Crim. App. 1994); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The fact finder may believe a witness even though some of the witness's testimony may conflict with other evidence in the record. *Sharp*, 707 S.W.2d at 614. The fact finder was free to believe Wright's testimony at trial even though it conflicted with her

4

affidavit.  Any contradiction went only to the weight of Wright's testimony.  Therefore, the trial court was permitted to rely on Wright's testimony in reaching its conclusion.

Even if the trial court could not have relied on Wright's testimony, the circumstantial evidence would be sufficient to support conviction.  In circumstantial evidence cases, it is not necessary that every fact point directly and independently to the accused's guilt.  *Robinson v. State*, 570 S.W.2d 906, 909 (Tex. Crim. App. 1978).  Rather, the evidence is sufficient if the fact finder's conclusion is warranted by the combined and cumulative force of all the incriminating circumstances.  *Id.* at 909.  The State presented several elements of a circumstantial case of assault with bodily injury.  Dear authenticated the photographs, testified as to Wright's visible injuries, and testified that appellant did not seem injured.  When Dear approached appellant, appellant told Dear that he and Wright had been involved in an argument but that nothing else had happened; appellant later told Dear that Wright had attacked him, and that he might have scratched her in an attempt to defend himself.  Taken together, the circumstantial evidence is factually sufficient to support conviction because it is not so weak as to be clearly wrong or manifestly unjust.  In response to the State's testimony, appellant replied that Wright became physically aggressive during their argument and struck appellant several times, forcing appellant to defend himself.  There is nothing about appellant's testimony that would suggest that the finding of guilt was contrary to the weight and preponderance of the evidence.  We hold that the evidence is factually sufficient to support the judgment.

## CONCLUSION

Because the evidence is factually sufficient to support the finding that appellant intentionally caused bodily injury to Wright, we affirm the trial court's judgment.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   June 26, 2003

Do Not Publish

6